UNITED STATES of America,
Plaintiff—Appellee,

v.

Dale D. NEWBURY, Defendant—
Appellant.

No. 02–30140.
D.C. No. CR–01–00101–SEH.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 25, 2002.*

Decided Feb. 28, 2003.

Before CHOY, FERGUSON and
BOOCHEVER, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

MEMORANDUM\*\*

Dale Newbury challenges his sentence of 120 months' imprisonment for conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(A)(1) and 846. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

Newbury argues that there was not evidence to support the district court's calculation of the amount of methamphetamine, which it then used to set his base offense level of 34. At sentencing, however, Newbury did not make any valid objection to evidence supporting a total amount of 1.53 kilograms. The minimum amount for a base offense level of 34 is 1.5 kilograms. Even if all Newbury's arguments were correct, his base offense level would be the same.

Newbury points to cases in which this court stated that district courts should err on the side of caution when approximating drug quantities, *see United States v. Culps*, 300 F.3d 1069, 1076 (9th Cir.2002), and urges that the court should have reduced the total amount to below the 1.5 kilogram minimum. But Newbury's case did not require the district court to approximate or estimate the drug amount. Each transaction involved a set amount of drugs, and the only question was whether certain transactions were duplicative.

AFFIRMED.

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

\* This panel unanimously finds this case suitable for decision without oral argument. See